■ RAMON VIGIO et al., Respondents, v NEW YORK HOSPITAL et al., Defendants, and SMITHKLINE & FRENCH LABORATORIES et al., Appellants. (And Another Action.) [644 NYS2d 39]

Issues of fact sufficient to preclude summary judgment remain as to whether the use of the labor inducing drug, pitocin, caused or contributed to the decedent's physical condition and as to whether defendant Parke, Davis provided adequate warnings concerning the use of that drug. Plaintiffs' expert in obstetrics and gynecology has submitted affidavits that are sufficient to rebut Parke, Davis' assertion that the decedent's neurological condition was solely the result of a hereditary disease. That expert cites evidence of fetal distress at birth and of a failure to adequately monitor the baby's heart rate after the allegedly excessive use of pitocin. Material issues of fact also remain as to whether Parke, Davis met its duty "to warn [physicians] of all potential dangers in its prescription drugs that it knew, or, in the exercise of reasonable care, should have known to exist" (*Martin v Hacker*, 83 NY2d 1, 8).

As to defendant SmithKline, material issues of fact remain as to whether the drug thorazine, administered to the decedent as part of a sedation mixture, caused or contributed to the occurrence of seizures in the infant. Plaintiffs' expert neurologist rebutted the suggestion that the seizures predated the ingestion of that drug, noting that, based on the medical records,

"fasciculations" were not first noted until the day that the thorazine was given to the infant. The expert also concluded that the decedent should not have been given this drug at all "in that she was an infant under six months of age who had an abnormal EEG and respiratory problems which are known contraindications for thorazine administration". Finally, material factual issues remain as to whether the thorazine was provided by "informed intermediaries", a circumstance that would exonerate SmithKline.

We have considered defendants-appellants' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Nardelli and Tom, JJ.